Natasha N. JACKSON; et al.,
Plaintiffs–Appellants,

v.

Neil S. ABERCROMBIE, Governor,
State of Hawai'i, Defendant,

and

Linda Rosen, Director, Department
of Health, State of Hawai'i,
Defendant–Appellee,

Hawai'i Family Forum, Intervenor–
Defendant–Appellee.

Gary Bradley; et al., Plaintiffs,

v.

Neil S. Abercrombie, Governor, State of
Hawai'i, Defendant–Appellant,

Linda Rosen, Director, Department
of Health, State of Hawai'i,
Defendant–Appellee,

Hawaii Family Forum, Intervenor–
Defendant–Appellee.

Nos. 12–16995, 12–16998.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2014.

Filed Oct. 10, 2014.

John J. D'Amato, Esquire, D'Amato & Associates, LLLC, William Lee, Esquire, John Thomas Maloney, Jr., Esquire, D'Amato & Maloney LLP, Paul D. Alston, Esquire, Clyde James Wadsworth, Alston Hunt Floyd & Ing, Honolulu, HI, for Plaintiffs–Appellants.

Harvey Earl Henderson, Jr., Esquire, Department of the Attorney General, Girard Douglas Lau, Esquire, Deputy Attorney General, Robert Tadao Nakatsuji, Esquire, AGHI–Office of the Hawaii Attorney General, Honolulu, HI, for Defendant.

Daniel Alfred Morris, Esquire, Attorney General, William Joseph Wynhoff, Deputy Attorney General, AGHI–Office of the Hawaii Attorney General, Honolulu, HI, for Defendant–Appellee.

Byron Jeffords Babione, Esquire, James Andrew Campbell, Kenneth John Connelly, Counsel, Alliance Defending Freedom, Scottsdale, AZ, James Hochberg, Jr., Esquire, Counsel, James Hochberg, A.A.L., Honolulu, HI, David Austin Robert Nimocks, Esquire, Senior Counsel, Alliance Defending Freedom, Washington, DC, for Intervenor–Defendant–Appellee.

Mark William Mosier, Esquire, Covington & Burling LLP, Paul March Smith, Esquire, Jenner & Block LLP, Lawrence John Joseph, Law Office of Lawrence J. Joseph, Washington, DC, Carmine D. Boccuzzi, Jr., Cleary Gottlieb Steen & Hamilton LLP, Christina Swarns, Naacp Legal Defense and Educational Fund, Inc., Suzanne Goldberg, Columbia University Law School, Sexuality and Gender Law Clinic, New York, NY, Genevieve Nadeau, Attorney General of Massachusetts, Nicholas M. O'Donnell, Sullivan & Worcester LLP, Mary Lisa Bonauto, Gay & Lesbian Advocates & Defenders, Boston, MA, Jerome Cary Roth, Munger Tolles & Olson, LLP, Katherine Ann Keating, Holme Roberts & Owen LLP, Rocky Chiu–Feng Tsai, Ropes & Gray LLP, David C. Codell, Esquire, Shannon Price Minter, Esquire, Legal Director, San Francisco, CA, Margaret Ann McLetchie, Esquire, Langford McLetchie LLC, Lisa A. Rasmussen, Esquire, Law Offices of Lisa A. Rasmussen, Las Vegas, NV, Moez Kaba, Irell & Manella LLP, Los Angeles, CA, for Amicus Curiae.

Before: REINHARDT, GOULD, and BERZON, Circuit Judges.

MEMORANDUM *

After the district court issued its decision in this case, and while these appeals were pending, Hawai'i enacted the Marriage Equality Act of 2013 ("MEA"), Act 1 (S.B.1), Laws 2013, 2d Sp. Sess.; Haw. Rev.Stat. § 572–1 (2013), allowing same-sex couples to get married in the state. Plaintiffs have subsequently married their same-sex partners in Hawai'i. Because MEA gave Plaintiffs " 'everything [they] hoped to achieve' by [their] lawsuit," this case is now moot. *Log Cabin Republicans v. United States,* 658 F.3d 1162, 1166 (9th Cir.2011) (per curiam) (quoting *Chem. Prod. & Distribs. v. Helliker,* 463 F.3d 871, 876 (9th Cir.2006)). "[A] case is moot when the challenged statute is repealed, expires or is amended to remove the challenged language." *Id.* "Where intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot." *Helliker,* 463 F.3d at 875 (quoting *Bunker Ltd. P'ship v. United States,* 820 F.2d 308, 311 (9th Cir.1987)) (internal quotation marks omitted). Contrary to Intervenor Hawai'i Family Forum ("HFF")'s claim, the mere fact that someone has challenged MEA in independent litigation does not defeat mootness. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1181 (10th Cir. 2000); *Miller v. Benson,* 68 F.3d 163, 164–65 (7th Cir.1995) (per curiam).

When a case becomes moot on appeal, our general practice "is to reverse or vacate the decision below with a direction to dismiss." *NASD Dispute Resolution, Inc. v. Judicial Council of the State of Cal.,* 488 F.3d 1065, 1068 (9th Cir.2007) (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 71, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)). There are exceptions to this general rule, but none is applicable in this case. *See, e.g., ACLU of Nev. v. Masto,* 670 F.3d 1046, 1065 (9th Cir.2012) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)) (vacatur not appropriate when the party seeking relief from the judgment below caused the mootness by voluntary action). Vacatur is particularly appropriate here in light of yesterday's decision in *Latta v. Otter,* No. 14–35420 (9th Cir. Oct. 7, 2014).

Accordingly, we vacate the district court's judgment and remand with instructions to dismiss the case as moot. In light of this disposition, HFF's motion to dismiss Governor Abercrombie's appeal for lack of appellate standing is denied as moot.

VACATED and REMANDED with directions to DISMISS.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.